IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RENITA KALISZ, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:15-cv-01578 |
| AMERICAN EXPRESS CENTURION BANK, ET AL., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Motions to Dismiss.

I. **BACKGROUND**

This lawsuit arises out of a credit card account issued by Defendant American Express Centurion Bank ("American Express") to Plaintiff. Following Plaintiff's default on the account, Defendant Zwicker & Associates, P.C. ("Zwicker") sued her on behalf of American Express in the Circuit Court of Fairfax County. On December 2, 2015, after a trial on the merits, the state court directed judgment against Plaintiff for the full debt of approximately $28,203.00.

Plaintiff alleges four causes of action concerning Zwicker's lawsuit against her: (1) use of affidavit in violation of the Fair Debt Collection Practice Act, 15

1

U.S.C. § 1692, et seq. ("FDCPA"), specifically, 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and § 1692(f); (2) use of affidavit in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5531(a) and § 5536(a)(1)(B); (3) violations of the FDCPA, 15 U.S.C. § 1692(g), and CFPA, 12 U.S.C. § 5531(a) and § 5536(a)(1)(B); and (4) violation of a judicial consent order.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979). Generalized, unsupported assertions are insufficient to state a claim.

A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

### III. DISCUSSION

#### 1. Count 1, "Use of Affidavit in Violation of FDCPA," is Time Barred.

Plaintiff alleges that Zwicker "used [sic] affidavit in which the affiant represented that she had personal knowledge of the validity and ownership of debt" and that Zwicker "knew or should have known that this affidavit was executed by a person who lacked personal knowledge of the facts contained in them." Plaintiff asserts that this alleged conduct amounted to false representation of the character, amount, or legal status of Plaintiff's debt; constituted false representation or deceptive means to collect the debt; and that the use of the affidavit was an unfair or unconscionable means used to collect the debt in violation of the FDCPA, 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and § 1692f.

A lawsuit to enforce liability for alleged violations of

3

the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(2)(d). Plaintiff filed this case on October 15, 2015; more than one year after the state court Complaint was filed on October 9, 2014. Accordingly, Plaintiff's FDCPA claims against both defendants are time barred.

2. **Count II, "Use of Affidavit in Violation of the CFPA," is Time Barred.**

Count II turns on the viability of Count One: Plaintiff alleges that as a result of Zwicker's violation of the FDCPA, Zwicker violated the CFPA, 12 U.S.C. § 5531(a) and § 5536(a)(1)(B). Because Plaintiff's FDCPA claim is time barred, Count II also fails to state a claim upon which relief can be granted.

3. **Count III, "Violations of FDCPA and CFPA," Cannot be Brought by Plaintiff.**

Plaintiff alleges that Zwicker violated the FDCPA, 15 U.S.C. § 1692g, and the CFPA, 12 U.S.C. § 5531(a) and § 5536(a)(1)(B), through Zwicker's filing of a lawsuit against Plaintiff without first validating the debt after Plaintiff "notified the Defendants" requesting validation. The FDCPA allegation fails for the reasons stated regarding Counts I and II.

The CFPA allegation fails as well. The CFPA does not provide a private right of action. Section 5564, reserves

4

litigation power to the Consumer Financial Protection Bureau to enforce any provision of Title 12. Per 12 U.S.C §5564(a): "[i]f any person violates a Federal consumer Financial law, the <u>Bureau</u> may [. . .] commence a civil action against such person to impose a civil penalty or to seek all appropriate legal and equitable relief [. . .]" (emphasis added). Additionally, 12 U.S.C. §5564(b) states: "the <u>Bureau</u> may act in its own name and through its own attorneys in enforcing any provision of this title, rules thereunder, or any action, suit, or proceeding to which the <u>Bureau</u> is a party" (emphasis added). Any violation of the CFPA may not be litigated by Plaintiff because they cannot be enforced by a private individual.

4. **Count IV, "Violation of Judicial Consent Order by FDIC and FCPB," [sic] Cannot be Brought by Plaintiff.**

Plaintiff alleges that Defendants violated a consent order entered into between American Express and the FDIC and CFPB. Plaintiff possesses no private right of action to pursue a claim alleging violations of the consent order. Consumers do not possess a private right of action to enforce consent decrees. "[A] well-settled line of authority from [the Supreme] Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 750 (1975).

5

**IV.   CONCLUSION**

Seeing that all four counts fail to state claims on which relief should be had, Defendants' Motions to Dismiss should be granted.

An appropriate order shall issue.

/s/ Claude M. Hilton<br>
CLAUDE M. HILTON<br>
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 5, 2016

6